```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL McDERMOTT,

                    Plaintiff,

        -against-                                                ORDER
                                                                 08-CV-1503 (SJ)
LIBERTY MARITIME CORPORATION,
ALLIANCE NEW YORK LLC, and
LIBERTY GLOBAL LOGISTICS, LLC,

                    Defendants.
-------------------------------------------------------------X
```
GOLD, S., *United States Magistrate Judge*:

      I held a telephone conference in this matter on February 5, 2009. At that time, I heard argument on plaintiff's letter application to have his deposition, and any defense medical evaluations, conducted in Florida where he resides, at defendant's expense. Plaintiff's application was based upon his visual impairment and difficult financial circumstances. I denied the application, noting the general rule that a plaintiff must submit to deposition in the forum where he brought suit. *See Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989). I further ruled, however, that plaintiff could apply to arrange the sequence of discovery in such a way as to minimize the burden he faced traveling to New York. *See* Minute Entry for proceeding held on February 5, 2009.

      By letter dated February 9, 2009, Docket Entry 13, plaintiff moves for reconsideration of my decision. Although plaintiff cites new authorities in his letter, they do not warrant the relief he seeks. For example, in *South Seas Catamaran, Inc. v. M/V Leeway*, 120 F.R.D. 17, 21 (D. N.J. 1988), the court affirmed a magistrate judge's order directing the plaintiff to produce its president for deposition in the district where the case was pending. Although the case suggests that a court may allow a plaintiff to be deposed outside the forum district where an appearance in

the district would be impossible or a financial hardship, it does not mandate that result. Moreover, in the instant case, defendant anticipates conducting several medical examinations of plaintiff, a concern that was not at issue in the *M/V Leeway* decision. The burden on a defendant of identifying and retaining medical experts willing to examine a plaintiff in one part of the country yet be available to testify in another is significantly greater than the burden of traveling to a plaintiff's residence to take his deposition.

It is reasonable to assume that defendants will encounter great difficulty finding medical doctors willing to examine plaintiff in Florida yet testify in New York, and that defendants will encounter substantial additional expense even if they do. Although plaintiff may find it difficult to travel to New York, it is not impossible for him to do so. Accordingly, and because plaintiff fails to point to any matters or controlling authorities I overlooked making my original decision, plaintiff's application for reconsideration is denied.

**SO ORDERED.**

/s/
STEVEN M. GOLD
United States Magistrate Judge

Dated: Brooklyn, New York
February 12, 2009