UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL McDERMOTT,

                Plaintiff,                  **ORDER**

       -against-                            08-CV-1503 (KAM) (ALC)

LIBERTY MARITIME CORP., ALLIANCE
NEW YORK CITY LLC, AND LIBERTY
GLOBAL LOGISTICS, LLC,

                Defendants.
-----------------------------------------------------------X

The parties have requested the Court's intervention in resolving various discovery disputes. Among other items, i) Defendant requests another extension of discovery, ii) Plaintiff moves to preclude Defendant from deposing Plaintiff in New York, iii) both parties request that the Court clarify its January 21, 2010 order, iv) Defendant contends that Plaintiff's amended responses to its interrogatories are insufficient, v) Plaintiff wishes to supplement an expert report on issues unrelated to its maintenance and cure claims, vi) Defendant requests the production of Plaintiff's tax returns and social security information, and vii) Defendant moves to preclude Plaintiff's rebuttal expert.

I held a teleconference on March 1 to discuss these issues. During the teleconference, Plaintiff said that it would cooperate with the Defendant to expedite the completion of discovery. I urged both parties to resolve discovery issues amongst themselves before asking for the Court's intervention. The following was discussed and resolved at the teleconference.

### I. Adequate time to response to discovery disputes

Plaintiff argued in its January 26 letter motion that it was deprived of an opportunity to respond to Defendant's motion to compel because these arguments were made in Defendant's

1

reply letter. *See* Docket Entry No. 51. Local Civ.R. 37.3(c) states that when a party notifies the Court of a discovery dispute through a letter, the opposing side has four days to submit a response. After the Plaintiff failed to submit a response, I issued an order twelve days after I was notified of the discovery dispute. If the Plaintiff wanted additional time to respond to Defendant's contentions, it should have requested an extension.

### II. Plaintiff's second amended responses to Defendant's interrogatories

I previously entered an order, dated January 21, 2010, compelling Plaintiff to respond properly to the Defendant's interrogatories. *See* Docket Entry No. 50. After the order was entered, Plaintiff informed the Court that Defendant mistakenly submitted the wrong version of its responses. Plaintiff submitted the correct responses ("Amended Responses") in its January 25 motion. *See* Exhibit 1 attached to Docket Entry No. 51. Defendant informed the Court that Plaintiff supplemented its responses again after I issued the order. *See* Exhibit 1 attached to Docket Entry No. 55. Defendant claims that the Second Amended Responses remain inadequate.

I have reviewed the Amended Responses and found them again to be inadequate. However, I note that the Second Amended Responses are an improvement and complies more closely with my January 21 order. At the teleconference, the parties agreed that Plaintiff would supplement its responses to Interrogatories 4, 5, and 6 so that it adequately answers Defendant's interrogatories. Specifically, Plaintiff will submit reports from Dr. Ross and Dr. Sealy that explain how Plaintiff's health deteriorated by Defendant's alleged delay in providing proper maintenance and cure to the Plaintiff.

### III. Request for clarification

I granted Defendant's previous request for an extension of discovery. *See* Docket Entry No. 50. When granting the request, I assumed that the extension applied to discovery related to

the maintenance and cure claims from Plaintiff's amended complaint. Plaintiff argues that the order should be read literally and that it now has an opportunity to submit additional discovery unrelated to its maintenance and cure claims. I note that the extension applied to discovery related to the maintenance and cure claims and the order did not contemplate the parties submitting additional expert reports that should have been submitted last summer. Nonetheless, I will permit the extension of limited discovery unrelated to the maintenance and cure claims, as discussed below, because both parties need to engage in additional discovery. However, I expect the parties to work together to complete discovery in an expedited manner.

### A. Plaintiff's marine expert

Plaintiff wishes to supplement its expert report for its marine expert. Though the submission of expert reports unrelated to its maintenance and cure claims is long overdue, I will allow the Plaintiff to supplement the marine expert's report no later than **April 1**. Defendant may respond by **May 1** to the marine expert's supplemental report.

### B. Tax returns and social security information

During the teleconference, the parties agreed that Defendant will submit the IRS authorizations and relevant authorizations for Plaintiff's social security information to Plaintiff's counsel by **March 8** and Plaintiff shall execute the authorizations and return them to Defendant by **March 15**.

### C. Deposition of William Campbell

Plaintiff previously requested to depose a corporate representative pursuant to Fed.R.Civ.P. 30(b)(6). Defendant previously listed Mr. Campbell as the appropriate representative. The parties dispute whether Plaintiff's counsel previously stated that he did not

wish to depose Mr. Campbell. If Plaintiff wishes to depose Mr. Campbell or another corporate representative, it should do so by **April 1**.

IV. **Motion to preclude Plaintiff's deposition**

Plaintiff filed a motion for an order precluding the Plaintiff from appearing in New York for a second deposition, citing medical ailments. Defendant offered to depose Plaintiff in Florida, but wants its medical experts to examine Plaintiff in New York for the maintenance and cure claims. Plaintiff's counsel argues that Plaintiff is unable to travel to New York. Previously, Judge Gold ordered the Plaintiff to appear in New York for his deposition and to be examined by Defendant's medical experts. *See* Docket Entry No. 15. Judge Gold sympathized with the Plaintiff's condition, but acknowledged that it is not feasible for medical experts to travel to Florida. Judge Gold noted that while it is difficult for Plaintiff to travel to New York, it is not impossible for him to do so.

At the teleconference, Defendant agreed to depose the Plaintiff in Florida. I urged the parties to resolve the issue of medical expert examination amongst themselves. If the parties are unable to agree, they are permitted to file a letter motion with the Court explaining the disagreement. I received Plaintiff's request that Defendant's medical experts examine Plaintiff via video conference. *See* Docket Entry No. 69. It would be difficult, and prejudicial, towards Defendant, for an ophthalmologist and neurologist to examine Plaintiff via videoconference. Plaintiff's request is denied with respect to the neurologist and ophthalmologist. However, counsel should continue to work together to see if the psychiatrist can examine Plaintiff by videoconference.

### V. Expert Reports

At the teleconference, Defendant explained that Plaintiff's previously submitted expert report of Dr. Wilson does not comply with the Federal Rules of Civil Procedure. The parties agreed that Defendant will explain its contentions to Plaintiff and that Plaintiff's counsel will make good-faith efforts to modify the expert report to comply with the Federal Rules of Civil Procedure.

### VI. Motion to Preclude Plaintiff's rebuttal expert

Defendant's motion to preclude Dr. Freeman's testimony is denied. Defendant can respond to Dr. Freeman's report by **April 1, 2010**.

### VII. Extension of Discovery

Counsel is to discuss the modified discovery schedule amongst themselves and to submit the proposed amended schedule no later than **April 1, 2010**. The Court will assume that the modified discovery schedule pertains to the maintenance and cure claims. However, if there is outstanding discovery unrelated to the maintenance and cure claim, the parties should specify in the schedule when they will complete this discovery. The next teleconference is scheduled for **April 12 at 3 p.m.** As stated above, I urge counsel to work together before requesting intervention from the Court.

**SO ORDERED**

**Dated: March 12, 2010**
      **Brooklyn, New York**

_____
**ANDREW L. CARTER, JR.**
**UNITED STATES MAGISTRATE JUDGE**