UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL McDERMOTT,

                Plaintiff,                                          **ORDER**

        -against-                                           08-CV-1503 (KAM) (ALC)

LIBERTY MARITIME CORP., ALLIANCE
NEW YORK CITY LLC, AND LIBERTY
GLOBAL LOGISTICS, LLC,

                Defendants.
-----------------------------------------------------------------X

       Plaintiff Michael McDermott, through counsel, requests that I reconsider my April 15, 2010 order that sets forth the schedule for remaining discovery and that also orders Plaintiff to attend physical examinations in New York. *See* Docket Entry No. 78. Plaintiff makes this application based on new evidence he recently discovered during the deposition of William Campbell, Defendants' corporate representative on the maintenance and cure claims. Plaintiff alleges that Defendants concealed a letter from July 2008 where Dr. Zager reported to Mr. Campbell that Plaintiff's treating neurologist referred Plaintiff to Dr. Zager's office for psychiatric care and treatment. Mr. Campbell testified during his deposition that he gave this letter to Defendants' attorneys immediately upon receipt. Plaintiff reports that the first time Defendants produced this letter was during Mr. Campbell's deposition, which occurred in March 2010. Defendants' counsel alleges that the omission of this letter was inadvertent, but that Plaintiff's counsel was aware of the contents of the letter. *See* Docket Entry No. 79. Plaintiff argues that because Defendants did not produce this letter when they were required to do so, he was unable to inquire about the contents of the letter during the previous depositions and that Plaintiff was severely harmed because he did not receive psychiatric care for over six months

1

from the date of the letter. Therefore, Plaintiff should not be required to travel to New York to be examined by Defendants' medical experts.

Plaintiff's argument is misplaced. Plaintiff has the strict burden to point to controlling decisions or facts that I may have overlooked that might reasonably be expected to change my decision. *See Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003). The difficult burden imposed on Plaintiff has been established "in order to dissuade repetitive arguments on issues that have already been considered fully by the Court." *Ruiz v. Comm'r of the D.O.T. of the City of NY*, 687 F.Supp. 888, 890 (S.D.N.Y. 1988), *aff'd*, 858 F.2d 898 (2d Cir. 1988). Here, there is no logical correlation between Dr. Zager's letter and Defendants' right to have their medical experts examine Plaintiff for the maintenance and cure claims. Apparently, Plaintiff's position is that had I known about Dr. Zager's referral for psychiatric care, I would not have ordered Plaintiff to travel to New York. However, in his application to preclude the physical examinations, Plaintiff submitted affidavits from three different doctors stating that traveling to New York will be psychologically tolling. I already considered those affidavits before issuing my order. Furthermore, I am well aware that Plaintiff is under psychiatric care and that he has been for quite some time. I fail to see how Dr. Zager's letter has any bearing on my previous order. Accordingly, Plaintiff's application to reconsider my April 15, 2010 order **is DENIED**.

**SO ORDERED**

**Dated: April 27, 2010**
      **Brooklyn, New York**

**HONORABLE ANDREW L. CARTER, JR.**
**UNITED STATES MAGISTRATE JUDGE**