**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**MICHAEL McDERMOTT,**

                Plaintiff,                                 **ORDER**

    -against-                                             08-CV-1503 (KAM) (ALC)

**LIBERTY MARITIME, CORP., ALLIANCE**
**NEW YORK CITY, LLC, AND LIBERTY**
**GLOBAL LOGISTICS, LLC,**

                Defendants.
-------------------------------------------------------------------X

**ANDREW L. CARTER, JR., UNITED STATES MAGISTRATE JUDGE:**

Before this Court is: (1) Plaintiff's request that his treating physicians' deposition be taken "de bene esse," and (2) the issue of whether Defendants should be required to pay for the travel time and related expenses in connection with the depositions of Plaintiff's experts.

**A. De Bene Esse Depositions**

Plaintiff requests that his treating physicians' deposition be taken "de bene esse," i.e., a deposition in lieu of trial testimony. Among other reasons, Plaintiff's request is based on his lack of financial resources. I have no objection to Plaintiff's request, so long as Defendants have sufficient notice and are prepared to conduct a "de bene esse" deposition.

**B. Expenses Related to Expert Depositions**

Plaintiff's experts reside in Atlanta, Georgia; Salem, Oregon; Metairie, Louisiana; Fort Lauderdale, Florida; Riviera Beach, Florida; and Lancaster, Pennsylvania. Defendants argue that requiring them to pay the experts' expenses would be unreasonable under the circumstances and Plaintiff has not made a showing that he tried to retain local experts to testify at trial.

Fed. R. Civ. P. 26(b)(4)(C) requires the party seeking discovery to "pay the expert a reasonable fee for time spent in responding to discovery" and to "also pay the other party a fair

1

portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions." Many courts in this circuit believe that Fed. R. Civ. P. 26(b)(4)(C) "permits recovery of fees for an expert's travel time along with the expert's out-of-pocket expenses." *Bonner v. American Airlines, Inc.*, No. 96-CV-4762, 1997 WL 802894, at * 1 (S.D.N.Y. Dec. 31, 1997); *see also Dwyer v. Deutsche Lufthansa, AG*, No. 04-CV-3184, 2007 WL 526606, at *4 (E.D.N.Y. Feb. 13, 2007); *Garnier v. Illinois Tool Works, Inc.*, No. 04-CV-1825, 2006 WL 1085080 (E.D.N.Y. Apr. 24, 2006).

Plaintiff may select the expert of his own choosing, but it is unfair for Defendants to bear the increased costs associated with Plaintiff's decision to retain an expert from a location far from the district. *See Lent v. Fashion Mall Partners*, 223 F.R.D. 317 (S.D.N.Y. 2004); *Mark Andrew of the Palm Beaches, Ltd. v. GMAC Commercial Mortg. Corp.*, No. 01-CV-1812, 2003 WL 21767633, at *2 (S.D.N.Y. Jul. 31, 2003). Plaintiff argues that he attempted to retain experts in New York, but failed to find any. I do not credit this argument. I find it hard to believe that each one of his experts is so unique that no one with similar qualifications can be found in the New York metropolitan area. Plaintiff's experts include a cardiologist, epidemiologist, vocational/rehabilitation counselor, mariner, ventilation expert, and an occupational therapy expert. While Plaintiff lists reasons why he chose these specific experts, none of the reasons are compelling enough to prove that he could not find qualified experts in New York.

I am, however, aware of Plaintiff's limited financial ability, the increased burdens to travel to New York and to pay for the experts' fees and expenses. After further review of the experts' geographic locations and the expenses and time associated with the travel, I will allow some of the depositions to occur in Florida in an effort to decrease expenses. Accordingly, the allocation of expenses and locations of depositions are as follows:

(a) Dr. Wilson's deposition shall occur in Florida.[1] Plaintiff shall pay for defense attorneys' reasonable travel and hotel expenses. Defendants shall pay for one-half of the expert's reasonable travel expenses. If Dr. Wilson charges a fee for travel time, Defendants shall pay for one-half of the expert's travel time.

(b) Mr. Becker and Ms. Oien's depositions shall occur in Florida. Plaintiff shall pay for defense attorneys' reasonable travel and hotel expenses. Plaintiff shall also pay for the experts' travel expenses and fee associated with the travel.

(c) Ms. Barney-Hedgewood and Ms. Hauck's depositions shall occur in Florida. Plaintiff shall pay for defense attorneys' reasonable travel and hotel expenses. Defendants shall pay for one-half of the experts' reasonable travel expenses. If these experts charge a fee for travel time, Defendants shall pay for one-half of the travel time.

(d) Dr. Freeman's deposition shall occur in New York. Defendants shall pay for one-half of the expert's reasonable travel expenses. If Dr. Freeman charges for travel time, Defendants shall pay for one-fourth of the expert's travel time. Plaintiff is responsible for his counsel's expenses to attend the deposition.

(e) Mr. Schaible's deposition shall occur in New York. Defendants shall pay for all reasonable travel expenses. If Mr. Schaible charges for travel time, Defendants shall pay for one-half of the travel time. Plaintiff is responsible for his counsel's expenses to attend the deposition.

The parties are strongly urged to schedule these depositions in a way that minimizes expenses and burdens incurred by the parties. The September 15 telephone status conference is

---

[1] Plaintiff is to provide Defendants with Dr. Wilson's written report that includes, among other items, a list of cases as required by Fed. R. Civ. P. 26(a)(2)(B)(v) no later than **September 3, 2010**.

adjourned until **October 6, 2010** at 11:00 a.m. to permit sufficient time for completion of discovery. Plaintiff's counsel is to initiate the call with all relevant participants on the line.

**SO ORDERED**

**Dated: August 24, 2010**
      **Brooklyn, New York** /s/ ALC
_____
**HONORABLE ANDREW L. CARTER, JR.**
**UNITED STATES MAGISTRATE JUDGE**