**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**MICHAEL McDERMOTT,**

                Plaintiff,                                             **ORDER**

   -against-                                                             08-CV-1503 (KAM) (ALC)

**LIBERTY MARITIME, CORP., ALLIANCE**
**NEW YORK CITY, LLC, AND LIBERTY**
**GLOBAL LOGISTICS, LLC,**

                Defendants.
-------------------------------------------------------------------X

**ANDREW L. CARTER, JR., UNITED STATES MAGISTRATE JUDGE:**

       Defendants request an order precluding Plaintiff from using their upcoming discovery depositions of Plaintiff's experts in lieu of trial testimony. (Docket No. 103.) On September 10, 2010, I held a status conference to discuss the various discovery disputes. During the conference, Plaintiff requested that the parties videotape the depositions in lieu of live testimony. Defendants' request is GRANTED[1] and Plaintiff's request is DENIED.

       Fed. R. Civ. P. 26(b)(4) allows a party to depose any person who has been identified as an expert and whose opinions may be presented at trial. In the instant matter, Plaintiff voluntarily chose to retain experts that do not practice in the New York metropolitan area. It is unfair to force Defendants to conduct trial examination of Plaintiff's experts either during or immediately after the deposition without the benefit of conducting a proper discovery deposition. Defendants have a right to prepare their cross-examination questions in accordance with standard trial practice, to consult their own experts about the testimony provided from the depositions, and to prepare a trial strategy based on the information supplied by Plaintiff's experts. *See Brown v.*

---

[1] My order relates only to Plaintiff's request to conduct the depositions "de bene esse." The order should not be construed to rule on the admissibility of the deposition testimony for other purposes during the trial.

1

*Coleman*, No. 07-CV-1345, 2008 WL 5215889 (S.D.N.Y. Dec. 9, 2008) (holding that to conduct a trial deposition immediately after the discovery deposition of the plaintiff's expert is unfair to the defendants). Requiring Defendants to conduct trial examination of the experts limits their right to conduct expert discovery. Condoning such a procedure would encourage litigants to retain experts outside the jurisdiction as a way to minimize Defendants' preparation of the case and to impose unfair prejudice.

Plaintiff hinted during the status conference that their experts were unavailable for trial, purportedly because they reside 100 miles outside of the district. Many courts have held that depositions of witnesses, which were conducted for discovery purposes, may be used at trial where the witness is unavailable to testify as a live witness. *See* Fed. R. Civ. P. 34(a)(4). Plaintiff's witnesses, however, are not fact witnesses, they are experts retained by Plaintiff. Accordingly, Plaintiff has an increased burden to show unavailability. *See Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536-37 (2d Cir. 1972) (reasoning that merely because an expert resides more than 100 miles from the district does not, by itself, permit the party to use the deposition transcript in lieu of trial testimony); *Kamara v. U.S.*, No. 04-CV-626, 2005 WL 2298176, at *6 (S.D.N.Y. Sept. 20, 2005) (finding that the expert's deposition testimony was inadmissible hearsay); *Holmes v. Merck & Co.*, Inc., No. 2:04-CV-00608, 2006 WL 1744300, at *2-3 (D. Nev. Jun. 22, 2006) ("[B]ecause a retained expert witness usually has no involvement with the case other than his willingness to review the case and testify as an expert, a party is likely to have the ability to select an expert witness who will or should be available to testify at trial."); *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, No. 97-CV-529, 2000 WL 135129, at *2 (D. Del. Jan. 13, 2000) (noting the differences between the unavailability of a fact witness and the unavailability of an expert witness). I decline to decide whether the experts are indeed unavailable for trial because this issue is not properly before me. Currently, however, Plaintiff

should not plan to use the depositions of the experts in lieu of trial testimony because this would unfairly prejudice Defendants. After the close of all expert discovery, if the parties agree, they can conduct a second deposition of Plaintiff's experts to be used for trial purposes. If the parties do not agree, Plaintiff is permitted to make an application to the Court, following the close of expert discovery, to conduct "de bene esse"[2] depositions of his experts.

**SO ORDERED**

**Dated: September 16, 2010**
      **Brooklyn, New York**                    /s/ ALC
                                                _____
                                                **HONORABLE ANDREW L. CARTER, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[2] *See* Black's Law Dictionary (8th ed. 2004) (explaining a *de bene esse* deposition as one taken "in anticipation of a future need").