UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHAEL McDERMOTT,

        Plaintiff,

        -against-

LIBERTY MARITIME CORP., ALLIANCE
NEW YORK CITY LLC, AND LIBERTY
GLOBAL LOGISTICS, LLC,

        Defendants.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

08-CV-1503 (KAM) (ALC)

**CARTER, UNITED STATES MAGISTRATE JUDGE.**

Before the Court is Defendants' motion to reconsider the portion of my May 13, 2011 Memorandum & Order ("May 13 M&O") that precluded Defendants' *de bene esse*[1] depositions of the Virginia Beach Correctional Center personnel ("VA personnel") for any other purpose except to authenticate documents received by the center. For the following reasons, Defendants' motion is DENIED.

    **I.    Background**

On May 13, 2011, I addressed a number of arguments raised by both parties relating to discovery violations. (Docket Entry No. 165.) For example, Defendants served several Fed. R. Civ. P. 45 subpoenas without prior notice, untimely disclosed documents, and untimely served Rule 45 subpoenas after the close of the June 15, 2010 factual discovery deadline. Specifically, Defendants served a subpoena on the Virginia Beach Correctional Center requesting records related to Plaintiff's incarceration and his medical files. Allegedly, the medical records show that while Plaintiff was in prison, he was evaluated and housed in the general population and he

---

[1] A *de bene esse* deposition is one taken "in anticipation of a future need." *Black's Law* Dictionary (9th ed. 2009).

1

did not receive special treatment or accommodation related to any vision impairment. Plaintiff had requested, *inter alia*, that I preclude a number of documents received in response to Defendants' Rule 45 subpoenas. I denied the preclusion in my May 13 M&O, but admonished Defendants for their conduct. I also ordered that the parties may not conduct further discovery and that Defendants were not permitted to conduct depositions of the VA personnel for any other purpose except to authenticate the medical records because they should have conducted those depositions during the discovery period, but they negligently failed to do so. As set forth in greater detail in my May 13 M&O, the parties extended discovery many times, they had two years to conduct factual discovery, this case has been pending for over three years without delays from any dispositive motion practice, and yet, the parties are nowhere near trial.

**II.     Discussion**

Defendants bring a motion to reconsider presumably under Fed. R. Civ. P. 60(b) and Local Civil Rule 6.3. Rule 60(b) provides that courts may relieve parties from final judgments, orders, or proceedings for, *inter alia*, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration under Rule 60(b) rests within the sound discretion of the court and "[is] generally granted only upon the showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd*, 501 U.S. 115, 111 S. Ct. 2173, 115 L.Ed.2d 109 (1991). The motion "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Defendants argue that I overlooked the fact that the proposed *de bene esse* depositions of the VA personnel is to obtain trial testimony that would not otherwise be available because the witnesses are beyond the subpoena power of the Court. They further argue that limiting the scope of the depositions restricts the admission of what would otherwise be competent trial testimony. Defendants propose that the Second Circuit recognizes the distinction between a *de bene esse* deposition and a discovery deposition. Defendants deny that they are seeking to re-open discovery or obtain information of which they are unaware. They state that they have already investigated the facts and they have spoken to the VA personnel, including the Health Services Administrator. They further allege that much of the information is reflected in the records and that testimony is required to explain the significance of the entries in the records.

Plaintiff opposes the motion to reconsider and argues that Defendants are attempting to circumvent the discovery deadline and my May 13 M&O by characterizing these third-party depositions as depositions to be used for trial purposes only that can be taken after the discovery deadline and presumably, anytime before the date of trial. They also argue that the information Defendants possess should have been disclosed during the discovery period and this is another example of Defendants concealing information that they otherwise have an obligation to disclose under the federal rules.

I will admit that there is indeed some confusion among the district courts in New York whether a *de bene esse* deposition may proceed after the close of discovery. *See Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03-CV-5560, 2008 WL 5423316, at *2 (S.D.N.Y. Dec. 31, 2008) (noting the conflict). Our circuit has never addressed the issue and there is a dearth of case law in New York concerning the topic.

Fed. R. Civ. P. 32(a) governs the uses of depositions in trial. In *Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003), the circuit held that Fed. R. Civ. P. 32(a) "draws no

3

distinction between depositions taken for purposes of discovery and those taken for use at trial." *See also Wolf v. James Miller Marine Servs., Inc.*, Nos. 08-CV-3636, 08-CV-4799, 2010 WL 2606469, at *3 (E.D.N.Y. Jun. 21, 2010). The lower court in *Manley* permitted the parties to depose the defendant's former chairman "once as part of the discovery process and again pursuant to a *de bene esse* proceeding ordered by the court when it appeared that the eighty-year old California resident would not travel to New York for trial," the latter deposition being one taken "in anticipation of a future need." *Manley*, 337 F.3d at 247.

In *RLS Associates, LLC v. United Bank of Kuwait PLC*, No. 01-CV-1290, 2005 WL 578917, at *7 (S.D.N.Y. Mar. 11, 2005), the court allowed the *de bene esse* deposition of the defendants' key witness to occur after the close of discovery. There, the witness was a former employee of the defendants and during the litigation, he moved from New York to Dubai. *See id*. at *5. The witness was unwilling to travel to NY to give live testimony. *See id*. The court allowed the deposition to take place *de bene esse* because it was clear that the deposition was to preserve testimony and there was no need for the defendants to take a deposition of their own witness during the discovery period. *See id*. at *7. In lieu of live testimony, the defendants were allowed to present the examination by video, in part because "contemporaneous transmission of [the witness'] testimony would be highly inconvenient, due to the large time difference between New York and Dubai." *Id*. at *7-8. In *Kingsway Fin. Servs.*, the party applied to the court for leave to take *de bene esse* depositions after the discovery period. 2008 WL 5423316, at *2. The court said there was no controlling authority in the circuit about the issue and was inclined to allow the parties to take the *de bene esse* depositions after the discovery period, but denied the motion because the plaintiff did not specify the names of the witnesses or whether the witnesses have already been deposed. *See id*.

4

The cases I just described are distinguishable from the issues here. This is not a case in which the necessity to depose the VA personnel results from the need to preserve testimony that the witnesses would otherwise have given at trial, based on unforeseen events arising after the close of discovery. The witnesses are not Defendants' employees that became unavailable after the discovery deadline. Defendants knew of Plaintiff's incarceration since March 24, 2009, almost fifteen months before the close of factual discovery and they waited until the summer of 2010 to serve subpoenas requesting documents. They had sufficient notice during the discovery period that these witnesses were unavailable for trial purposes and they could have sought enforcement of a subpoena in the appropriate district under Rule 45(a)(2)(B) during the discovery period. Such a deposition could then have been available for use at trial under Rule 32. Defendants negligently failed to take the depositions at the appropriate time. *See Chrysler Intern. Corp. v. Chemaly*, 280 F.3d 1358, 1362 n. 8 (11 Cir. 2002) ("[P]arties who delay in taking a needed deposition and who assume that a district court will draw (when the Rules do not and if the pretrial order does not) a distinction, for pretrial scheduling purposes, between different kinds of depositions assume a risk: they cannot count on the trial court's allowing a [*de bene esse*] deposition to be taken closer to the trial date.").

Nor is this a case where a deposition had been taken during the discovery period and Defendants wish to take another deposition that is specifically tailored to be used as trial testimony. Defendants argue that had the witnesses been in the jurisdictional limit of the court, they could simply produce these witnesses at trial. Defendants forget, again, that they had an obligation to supplement their automatic disclosures pursuant to Fed. R. Civ. P. 26(e)(1)(A) in a timely manner after they obtained the information. They state in their motion that they have the names of the personnel and they concluded their investigation. However, it appears they have not disclosed these witnesses to Plaintiff. Untimely disclosure appears to be a repetitive

problem. Defendants may argue that these depositions are not for discovery purposes because they have already discovered the information, but they disregard that Plaintiff would have wanted to conduct discovery concerning these witnesses. Without disclosing the witnesses under Fed. R. Civ. P. 26(a)(1)(A)(i), Defendants wrongfully presume that they would be allowed to present the witnesses at trial. Had Defendants timely disclosed the names of the witnesses and if Plaintiff failed to depose them during the discovery period, Defendants would have a stronger argument justifying a need to take the depositions after the close of discovery.

In *George v. Ford Motor Co.*, No. 03-CV-7643, 2007 WL 2398806 (S.D.N.Y. Aug. 17, 2007), the plaintiff wanted to take the *de bene esse* depositions of the defendant's former employee outside of the discovery period. Similar to Defendants here, the plaintiff argued that they were not seeking to reopen discovery, but they wanted to take the deposition for trial purposes only. It argued that it "they hardly need to cite precedent before issuing a subpoena directing an out-of-state fact witness to sit for a *de bene esse* deposition any more than they would need special leave of court to subpoena [the witness] to appear for trial in the Southern District were he residing in Manhattan." 2007 WL 2398806, at *11. The district court denied the request, holding that "both discovery and *de bene esse* depositions 'are governed by the scheduling order' set by the Court, and may not be conducted after the close of discovery absent good cause to modify that order." *Id*. at *12 (citing *Sanofi-Synthelabo v. Apotex Inc.*, No. 02-CV-2255, 2005 WL 469594, at *1 (S.D.N.Y. Feb. 18, 2005) (*adhered to on rehearing* 2005 WL 816267, at *1-2 (Mar. 25, 2005))). In *Sanofi-Synthelabo*, the defendant wanted to take the *de bene esse* deposition of a non-party seventeen months after the close of factual discovery. 2005 WL 469594, at *1. The court held that "[d]epositions of fact witnesses who reside beyond the subpoena range of this Court were to have been conducted prior to the close of fact discovery, not long afterward." *Id*. It noted "the Federal Rules of Civil Procedure make no distinction

6

between depositions taken for the purpose of discovery and those taken de bene esse - both types of depositions are governed by the scheduling order." *Id*; *see also Donk v. Miller*, No. 99-CV-3775, 2000 WL 218400, at *4-5 (S.D.N.Y. Feb. 24, 2000) (denying *de bene esse* depositions after the close of discovery because the party had a full and fair opportunity to take those depositions during the discovery period but counsel chose not to conduct them during discovery).

There is no difference between the depositions proposed here as opposed to typical Rule 45 depositions of non-parties. Depositions are generally devices for discovery. But in the right circumstances, almost all depositions potentially could be used as trial testimony. *See* Fed. R. Civ. P. 32(a). With some exceptions, all witnesses residing outside 100 miles of the district are unaffected by the court's jurisdiction and if we were to accept Defendants' theory, that means all such depositions and documents can be requested outside the discovery period and loosely characterized as "trial testimony" merely because counsel did its own investigation before the request. It is well settled that Rule 45 subpoenas must be served during the discovery period. *See McKay v. Triborough Bridge and Tunnel Authority*, No. 05-CV- 8936, 2007 WL 3275918 (S.D.N.Y. Nov. 5, 2007) (quashing subpoenas that sought trial exhibits because it was served after the discovery deadline) (citing cases); *see also Dodson v. CBS Broadcasting, Inc.*, No. 02-CV-9270, 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005) ("While Rule 45 can be used to subpoena documents to be introduced at trial as trial exhibits, the need to do so should be limited because of the liberal federal pretrial discovery rules.").

Defendants further argue that the May 13 M&O decision is inconsistent because Plaintiff is allowed to take *de bene esse* depositions of his treating physicians. I issued an order on January 24, 2011 allowing the parties to take the depositions of the treating physicians closer to trial because of Plaintiff's continuous medical treatment. Had Defendants needed the information from the treating physicians during the discovery period or shortly thereafter, they

certainly could have noticed the physicians or applied to the Court. I would have resolved any objections to the deposition. The treating physicians are outside of the Court's jurisdiction, similar to the VA personnel. Had the parties taken the depositions during the discovery period, the parties could have used that deposition for trial purposes under Rule 32(a), but the testimony would be outdated and incomplete because of Plaintiff's ongoing treatment. It made practical sense to wait closer to the trial date to depose the physicians rather than subject the physicians to multiple depositions.[2] I allowed the deposition of Dr. Schatz to occur after the discovery deadline because I was not notified until January 5, 2011 that treatment was complete. I then ordered the deposition to occur by March 1, 2011, but because of some confusion, the deposition was never taken. I am reinstating that order and the deposition of Dr. Schatz shall occur no later than **September 6, 2011** because there is no reason to delay further the deposition.

Defendants also point out that *de bene esse* depositions are common in maritime practice. This is because many of the employees in the maritime industry are indeed unavailable for trial purposes and their schedules are difficult to coordinate because their occupation requires them to be out at sea. It makes sense that both parties would accommodate maritime personnel and at times, the deposition has to be taken outside of the discovery period. Again, this is not the case here. The VA personnel are located in one region and their schedules do not require them to travel around the world. Defendants knew since March 2009 that the personnel would be unavailable for trial purposes. Defendants also argue that discovery had been extended because Plaintiff amended his complaint in September 2009 to add allegations of maintenance and cure violations. The additional claims in the amended complaint did not change their strategy towards the VA Correctional Center because there is minimal relation between the information

---

[2] I agree with Defendants that Plaintiff should have made the request earlier, but Defendants also made no effort to depose those physicians during the discovery period.

obtained from the center and Plaintiff's allegations that Defendants violated their maintenance and cure obligations. If anything, the amended complaint afforded Defendants even more time to conduct factual discovery because originally, discovery was to conclude on June 30, 2009. Finally, Defendants argue that they have shown good cause to proceed with the depositions. I disagree. Discovery needs to end and it has ended.

I have no issue with the parties conducting *de bene esse* depositions outside of the discovery period so long as the parties agree to relieve the witnesses from coming to trial, the Court is made aware of these depositions, and the parties had a full and fair opportunity to conduct discovery of the witnesses during the discovery period. At this point, the only anticipated *de bene esse* depositions are those of the treating physicians.

### III. Conclusion

For the reasons specified above, Defendants' motion to reconsider a portion of my May 13, 2011 Memorandum & Order is DENIED.

**SO ORDERED**

**Dated: July 6, 2011**
   **Brooklyn, New York**

_____/s/ ALC_____
**ANDREW L. CARTER, JR.**
**UNITED STATES MAGISTRATE JUDGE**